UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JACKSON NATIONAL LIFE<br>INSURANCE COMPANY | CIVIL ACTION<br><br>23-601-SDD-EWD |
| VERSUS | |
| MOLLY HAYS, KIMBERLY SPIER,<br>HENRY HAYS, AND PRESLEY<br>WHIDDEN | |

### RULING

Before the Court is Jackson National Life Insurance Company's ("Jackson National" or "Plaintiff") *Motion for Leave to Deposit Funds Into Court and for Discharge of Liability, Reasonable Attorneys' Fees, and Dismissal.*[1] Only Defendant Molly Hays ("Hays")[2] filed a *Response* in opposition,[3] to which Jackson National filed a *Reply*.[4] Hays then filed a *Sur-Reply*.[5] For the following reasons, the motion will be granted, but the amount of attorney fees to be awarded to Jackson National will be adjusted.

### I.   BACKGROUND

This case began with a *Complaint for Interpleader*[6] pursuant to 28 U.S.C. § 1335 wherein the Plaintiff, Jackson National, sought to deposit into the registry of the Court the proceeds of an annuity to which each of the Defendants claimed entitlement. Plaintiff later

---

[1] Rec. Doc. 23.
[2] Since the filing of the briefs in connection with this motion, counsel for Hays filed a notice informing the Court of Hays' recent death (Rec. Doc. 32). The executrix of Hays' succession has since been substituted in her place in this litigation (Rec. Doc. 34). However, for the sake of clarity, the Court will continue to reference Hays in this ruling as she made the arguments under consideration before her death.
[3] Rec. Doc. 24. None of the other Defendants filed an opposition to Jackson National's motion.
[4] Rec. Doc. 27.
[5] Rec. Doc. 30.
[6] Rec. Doc. 1.

filed the instant motion pursuant to 28 U.S.C. § 2361, seeking an order from the Court to: 1) permit Plaintiff to deposit the proceeds of the annuity contract with the Clerk of Court; 2) discharge Plaintiff from liability; 3) award Plaintiff reasonable attorney fees; and 4) dismiss Plaintiff from the action with prejudice.[7] Plaintiff contends it is entitled to deposit the proceeds and be discharged and dismissed because it is a disinterested stakeholder, and the named Defendants have competing claims to the subject funds. Additionally, Plaintiff wishes to deduct $9,458.50 in attorney fees (reflecting approximately 31.15 hours of work)[8] and $424.96 in costs from the proceeds before depositing the remainder with the Court.[9] Plaintiff avers that the fees and costs are reasonable and constitute a small portion of the total funds, which amount to approximately $325,692.04.[10]

In her *Response* to Plaintiff's motion, Hays consents to the deposit of the funds and the discharge and dismissal of Plaintiff.[11] However, Hays objects to Plaintiff's request for attorney fees, arguing that Plaintiff failed to support its fee request with any documentation of time counsel spent on this matter.[12] Hays contends that Plaintiff's fee request is "likely unreasonable,"[13] reasoning that the time spent by Plaintiff's counsel was excessive given the simplicity and straightforwardness of the case and the tasks involved. However, Hays admits that "[w]ithout access to its time reports, [Hays] can only assume that a portion of Jackson National's fee request likely consists of" time spent on activities

---

[7] Rec. Doc. 23, p. 1.
[8] Rec. Doc. 23-2, ¶ ¶ 6, 7.
[9] Rec. Doc. 23-1, p. 3.
[10] Rec. Doc. 23, p. 1.
[11] Rec. Doc. 24, p. 1.
[12] *Id*. Hays cites Local Rule 54(b)(1), which provides: "In all cases where attorney's fees are sought, the party desiring to be awarded such fees shall submit to the Court a contemporaneous time report reflecting the date, time involved, and nature of the services performed. The report shall be in both narrative and statistical form and provide hours spent and justification thereof."
[13] *Id.* at p. 3.

"that are not related to time actually spent preparing the complaint, serving the claimants, depositing the funds, and moving for discharge."[14]

Plaintiff attached the relevant time reports[15] to its *Motion for Leave to File a Reply*.[16] In its *Reply*, Plaintiff explained that the failure to previously provide the time reports was an inadvertent administrative oversight.[17] Plaintiff argues that its fee request is reasonable based on the time spent on this matter by national and local counsel and that at all times, its counsel acted with diligence and good faith in an effort to move the matter forward. Contrary to Hays' suggestions, Plaintiff asserts that it does not seek fees for any attorney work that was unrelated to legitimate efforts resolve the matter.

Hays filed a *Sur-Reply* requesting that the Court postpone discharge and dismissal until Plaintiff produces its claim file.[18] Hays propounded discovery on Plaintiff to obtain this material. Hays also argues that the hours of work reflected on Plaintiff's time reports are excessive. Of the 31.15 total hours for which Plaintiff seeks to recover attorney fees, Hays contends that only 15.5 hours are compensable under the applicable jurisprudence on this issue.[19] Hays states that she would consent to an award of 15.5 hours at a rate of $300 per hour for Plaintiff's attorney fees in this matter.[20]

Subsequently, Plaintiff filed a *Notice of Serving Discovery Responses*[21] to Hays' requests outlined in her *Sur-Reply*. Because the requested material was provided,

---

[14] *Id.* at p. 4.
[15] Rec. Doc. 25-2, pp. 5–9.
[16] Rec. Doc. 25.
[17] Rec. Doc. 27, p. 1.
[18] Rec. Doc. 30, p. 1.
[19] *Id.* at p. 3.
[20] *Id.*
[21] Rec. Doc. 31.

Plaintiff states that Hays' request for the Court to stay the ruling on the discharge and dismissal of Plaintiff is now moot.[22]

## II.     LAW AND ANALYSIS

Plaintiff initiated this interpleader action under 28 U.S.C. § 1335,[23] which is often referred to as "statutory interpleader."[24] The statute confers jurisdiction over cases with "minimal diversity," that is, "diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens," and requires only a $500 amount in controversy.[25]

### 1. Plaintiff's entitlement to deposit the funds and obtain discharge and dismissal

Originally, Hays consented to Plaintiff's requests to deposit the annuity proceeds with the Court, to be discharged from liability, and to be dismissed from this action.[26] However, although she still "generally has no objection to Jackson National's discharge and dismissal," she withdrew this consent in her *Sur-Reply* pending Jackson National's production of additional materials.[27]

The record reflects that Plaintiff has since provided the requested materials.[28] Notwithstanding the impropriety of withdrawing a stipulation by sur-reply, the issue is moot. The Court treats Plaintiff's entitlement to invoke interpleader and requests for discharge and dismissal from the action as unopposed.

---

[22] *Id.*
[23] Rec. Doc. 1, ¶ 6.
[24] 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1703 (3d ed. 2001) (citation omitted).
[25] *Auto Parts Mfg. Mississippi Inc. v. King Const. of Houston, LLC*, 73 F.Supp.3d 680, n.2 (N.D. Miss. Mar. 3, 2014). 28 U.S.C. §1335(a).
[26] Rec. Doc. 24, p. 1.
[27] Rec. Doc. 30, p.1.
[28] Rec. Doc. 31

Addressing the order of proceedings in interpleader actions, the Fifth Circuit in *Rhoades v. Casey*,[29] instructed as follows:

> A district court has broad powers in an interpleader action. An interpleader action typically involves two stages. In the first stage, the district court decides whether the requirements for rule or statutory interpleader have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund. If the district court finds that the interpleader action has been properly brought the district court will then make a determination of the respective rights of the claimants.[30]

Ultimately, "[t]he burden is on the party seeking interpleader to establish that an interpleader action is justified."[31]

Even though Plaintiff's request to be discharged and dismissed is unopposed, the Court nevertheless must determine its jurisdiction. "28 U.S.C. § 1335 grants a district court jurisdiction over an interpleader action if: 1) the plaintiff files an action concerning an amount of $500 or more; 2) the plaintiff deposits the funds at issue into the registry of the court; 3) two or more adverse claimants claim or may claim to be entitled to the funds; and 4) those claimants are minimally diverse."[32] After making this determination, the Court may discharge the plaintiff of liability pursuant to 28 U.S.C. § 2361.

None of the parties dispute that the requirements for statutory interpleader have been met. First, the proceeds of the annuity (the single fund at issue) are more than $325,000, clearly exceeding the statutory threshold of $500.[33] Second, Plaintiff is seeking to deposit the funds into the registry of the Court. Third, two or more adverse claimants assert entitlement to the funds at issue: Defendant Molly Hays argues that she is entitled

---

[29] *Rhoades v. Casey*, 196 F.3d 592 (5th Cir. 1999), *cert. denied*, 531 U.S. 924 (2000).
[30] *Id.* at 600 (internal citations omitted).
[31] *Interfirst Bank Dallas, N.A. v. Purolator Courier Corp.*, 608 F.Supp. 351, 353 (N.D. Tex. 1985) (citing *Dunbar v. United States*, 502 F.2d 506, 511 (5th Cir. 1974)).
[32] *Auto Parts Mfg. Mississippi, Inc. v. King Const. of Houston, L.L.C.*, 782 F.3d 186, 192-93 (5th Cir. 2015).
[33] Rec. Doc. 23, p. 1.

to at least half of the annuity proceeds, while Defendants Kimberly Spier, Henry Hays, and Presley Whidden claim to be the rightful beneficiaries.[34] Fourth, and finally, the claimants are minimally diverse because at least two of the claimants are citizens of different states: Molly Hays and Henry Hays are citizens of Louisiana, while Kimberly Spier is a citizen of Florida, and Presley Whidden is a citizen of California.[35] The propriety of interpleader having been shown, the Court has jurisdiction.

Once Plaintiff deposits the funds into the Court's registry, it seeks a discharge from further liability. If "the court decides that interpleader is available, it may issue an order discharging the stakeholder, if the stakeholder is disinterested."[36] "A disinterested stakeholder is one 'who has in his possession funds or property belonging to one of various claimants thereto, who has no personal interest in such funds or property, and who stands indifferent as to their disposition.'"[37] Plaintiff has neither asserted an interest in the proceeds of the annuity nor taken a position supporting any of the claims.[38] None of the Defendants dispute that Plaintiff is disinterested. Accordingly, the Court will dismiss Plaintiff from this action upon its deposit of the funds into the registry of the Court and discharge Plaintiff from liability relating to the annuity at issue.

---

[34] Rec. Doc. 23-1, p. 1.
[35] Rec. Doc. 1, ¶ ¶ 2, 3, 4, 5.
[36] *Lexington Ins. Co. v. Guidos*, No. CIV.A. 11-644, 2011 WL 3819664, at *1 (E.D. La. Aug. 29, 2011) (quoting 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1714 (3d ed. 2001)).
[37] *LOOP LLC Employee's Sav. Plan v. Price*, No. CV 17-3671, 2018 WL 4156922, at *3 (E.D. La. Aug. 29, 2018) (quoting 48 A.L.R.2d 190 (Originally published in 1956) (updated May 2018)).
[38] *See Principal Life Ins. Co. v. Chandler*, No. CIV.A. 07-6549, 2008 WL 696173, at *1 (E.D. La. Mar. 13, 2008) (where stakeholder had neither asserted interest in proceeds nor taken a position supporting any claims, dismissal of stakeholder is generally appropriate). In fact, in its *Complaint*, Jackson National specifically alleges that it has "no interest in the Proceeds except to the extent that payment of the Proceeds discharges any obligations Jackson [National] may owe Defendants arising out of Annuitant's death," and that it "is a mere innocent stakeholder with respect to the Proceeds." Rec. Doc. 1, ¶ ¶ 19, 20.

Plaintiff also asks the Court to enjoin the Defendants "from filing an action against Jackson [National] arising out of the Annuity or the Proceeds."[39] For the same reasons discussed above, the Court grants this request for injunctive relief, only insofar as the interpleaded funds are concerned.

### 2. Plaintiff's request for attorney fees

The award of attorney fees in an interpleader action is in the discretion of the district court, and fees are available when the interpleader is a disinterested stakeholder and is not in substantial controversy with one of the claimants.[40] "[C]osts and attorney's fees are generally awarded by federal courts to the plaintiff who initiates the interpleader as a mere stakeholder."[41] The amount awarded is generally modest because "all that is necessary is the preparation of a petition, the deposit in court or posting of a bond, service on the claimants, and the preparation of an order discharging the stakeholder."[42] Given Plaintiff is a disinterested stakeholder not in controversy with any of the claimants, the Court finds that attorney fees are available.

In determining the appropriate amount of an award of attorney's fees to an interpleader-plaintiff, courts consider "(1) whether the case is simple; (2) whether the interpleader-plaintiff performed any unique services for the claimants or the court; (3) whether the interpleader-plaintiff acted in good faith and with diligence; (4) whether the services rendered benefitted the interpleader-plaintiff; and (5) whether the claimants

---

[39] Rec. Doc. 23-1, p. 3.
[40] *Rhoades*, 196 F.3d at 603.
[41] *Perkins State Bank v. Connolly*, 632 F.2d 1306, 1311 (5th Cir. 1980).
[42] *Am. Gen. Life Ins. Co. v. Russell*, No. CV 16-851-JWD-RLB, 2018 WL 3240964, at *2 (M.D. La. July 2, 2018) (quoting 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1719 (3d ed.)).

improperly protracted the proceedings."[43] Plaintiff and Hays disagree as to the application of these factors.

Hays argues that the first factor from *Bates* weighs against a large award because this is a "run-of-the-mill interpleader case featuring no complex facts or legal issues."[44] In response, Plaintiff acknowledges that the action is "relatively straightforward," but asserts that complex facts necessitated several hours of attorney work before the filing of the instant action.[45] Specifically, Plaintiff points to "several hours of pre-litigation effort" attempting to resolve this matter, which included conferring with Defendants' counsel to discuss potential resolution, reviewing the entire file, and responding to a subpoena request.[46] Overall, the Court finds that this factor does not weigh in favor of an especially large reward, particularly because all of the complexity Plaintiff alleges dealt with issues *before* the filing of this interpleader action. This Court has previously indicated that pre-filing time entries should not be compensated via attorney fee awards in interpleader actions.[47]

Moving to the second factor, Plaintiff claims it performed unique services in this matter in responding to a pre-litigation subpoena,[48] which its counsel states is an unusual task for an interpleader action.[49] However, as noted above, this subpoena was issued in the probate proceeding of the deceased annuitant, which occurred prior to the initiation

---

[43] *Royal Indem. Co. v. Bates*, 307 Fed. App'x 801, 806 (5th Cir. 1999) (citing 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1719 (3d ed.2001)).
[44] Rec. Doc. 24, p. 3.
[45] Rec. Doc. 27, p. 6.
[46] *Id.* at p. 2.
[47] *See Russell*, 2018 WL 3240964, at *2.
[48] Rec. Doc. 27-1, p. 15.
[49] Rec. Doc. 27-1, ¶ 13.

of this interpleader suit. Accordingly, the Court does not find the work in responding to this subpoena germane to an award of attorney fees in this action.[50]

With respect to the third factor, the Court finds that Plaintiff generally acted in good faith and with diligence. Hays' main argument against this finding was grounded in the fact that Plaintiff had not yet provided its time reports. Plaintiff promptly provided the reports after realizing its oversight.

Plaintiff did not specifically address or apply the fourth *Bates* factor, which asks whether the services rendered benefitted the interpleader-plaintiff. Hays argues that Plaintiff's efforts were conducted solely for its own benefit.[51] The Court finds this part of the analysis to be neutral given the limited attention accorded to this factor by both parties.

The final *Bates* factor calls for consideration of whether the claimants improperly protracted the proceedings. Hays claims they have not because there have been "no frivolous counterclaims or refusals to consent to Jackson National's discharge."[52] Plaintiff argues this factor weighs in its favor because of unsuccessful attempts at pre-litigation communication with Defendants regarding potential resolution and because of Defendants' delay in answering its amended complaint[53] without requesting an extension. Although there was some delay in answering the amended complaint, all Defendants filed answers within three weeks of the deadline, which the Court does not find to warrant additional fees.

---

[50] *See, e.g., Fid. Life Ass'n v. Amstutz*, No. 16-CV-12618, 2016 WL 6892081, at *3 (E.D. Mich. Nov. 22, 2016), where the court found that "it would not be equitable to require defendants to pay attorneys' fees for plaintiff's work in the Probate Court as those fees were not incurred in this interpleader action."
[51] Rec. Doc. 24, p. 5.
[52] *Id*.
[53] Rec. Doc. 13.

Considering the circumstances and the overall nature of this action, the Court finds that Plaintiff's request for attorney fees for approximately 31.15 of work should be adjusted. Applicable jurisprudence demonstrates a general trend of limiting attorney fee awards to work directly connected with the interpleader action.[54] Accordingly, the Court will limit the award to "matters typically eligible for reimbursement—preparing the petition, posting of a bond, service on the claimants, and preparation of a discharge motion,"[55] as well as the preparation of other documents in the course of the instant litigation.

With this framework in mind, the Court finds that Plaintiff's counsel's billing records show a total of 24.1 hours of filing and post-filing compensable time. This includes 18.9 hours of attorney time and 5.2 hours of paralegal time.[56] The reasonable time includes drafting necessary documents such as the original[57] and amended[58] complaints, the instant motion,[59] summonses,[60] corporate disclosure statement,[61] joint status report,[62] certificate of interested persons,[63] initial disclosures, and cover sheet.[64] This time also encompasses other reasonable tasks undertaken during the interpleader action, including conferring with co-counsel and claimants' counsel about issues such as service on the claimants.

---

[54] *See, e.g., Russell*, 2018 WL 3240964, at *2 (reducing award in part because request included pre-filing time entries); *Amica Life Ins. Co. v. White*, No. CIV.A. 10-067-JJB-CN, 2010 WL 2682394, at *3 (M.D. La. July 2, 2010) (excluding attorney work that was "unrelated to the initiation of this interpleader action."); *Metro. Life Ins. Co. v. Linnear*, No. CIV.A. 14-0047, 2014 WL 4678713, at *2 (W.D. La. Sept. 18, 2014) ("Thus, the Court will only reimburse Metropolitan for fees and expenses it incurred in connection with the instant interpleader action.").
[55] *Russell*, 2018 WL 3240964, at *3.
[56] Rec. Doc. 27-1, pp. 5–9.
[57] Rec. Doc. 1.
[58] Rec. Doc. 13.
[59] Rec. Doc. 11.
[60] Rec. Docs. 2, 3, 4, 5.
[61] Rec. Doc. 6.
[62] Rec. Doc. 16.
[63] Rec. Doc. 7.
[64] Rec. Doc. 1-7.

Hays contends that some of the foregoing time is excessive considering the simplicity of the tasks.[65] In this regard, the Court agrees with Hays' contention that the 1.2 hours of attorney time spent drafting summonses for each of the four claimants is excessive.[66] Considering the simplicity of these documents, the Court in its discretion will reduce the fees attributable to this task to .5 hours. This brings the total compensable hours to 23.4.

The Court must also consider whether the rates charged for the work are reasonable considering the prevailing rate in this community.[67] The applicant bears the burden of proving the rate charged is aligned with prevailing market rates, and "[s]atisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits."[68]

Here, Plaintiff's national counsel charged a rate of $350 per hour, and local counsel charged $310 per hour.[69] National counsel submitted an affidavit testifying that she ordinarily charges $550 per hour, but only $350 for interpleader matters.[70] However, the affidavit did not include any additional indication of the reasonableness of the rate. Aside from the time reports, local counsel did not submit any evidence in connection with the reasonableness of its rate. Nonetheless, the Court is familiar with the legal market in this locale and will award the attorney fees at a rate of $310 per hour for all counsel.

---

[65] Rec. Doc. 30, p. 2.
[66] Rec. Docs. 2, 3, 4, 5.
[67] *White*, 2010 WL 2682394, at *3.
[68] *Batiste v. Lewis*, No. CV 17-4435, 2019 WL 1591951, at *2 (E.D. La. Apr. 12, 2019) (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)).
[69] Rec. Doc. 27-1, p. 4.
[70] Rec. Doc. 25-2, p. 4.

The time reports indicate that paralegal work was billed at a rate of $170 per hour. Based on recent case law, the Court finds the reasonable rate for paralegals in this locale to be $100 per hour.[71]

In sum, the Court will award Plaintiff fees for 18.2 hours of attorney work at a rate of $310 per hour, and 5.2 hours of paralegal work at a rate of $100 per hour, for a total award of $6,162.

### 3. Plaintiff's request for costs.

Plaintiff seeks $424.96 in costs. Finding support for this amount in the record,[72] the Court grants the request for costs.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the *Motion for Leave to Deposit Funds Into Court and for Discharge of Liability, Reasonable Attorneys' Fees, and Dismissal*[73] is GRANTED. Jackson National is hereby ordered to deposit the interpleaded fund into an interest-bearing account in the registry of the Court. The Court hereby awards $6,586.96 to Jackson National in attorney fees and costs, which is to be deducted from the interpleaded fund prior to deposit. Upon depositing the proceeds into the registry of the Court, Jackson National shall be discharged from liability and dismissed from this action with prejudice. Defendants are enjoined from filing an action against Jackson National arising out of the Annuity or the Proceeds insofar as those funds are concerned.

---

[71] *See, e.g., Johnson v. Comm'r of Soc. Sec.,* No. CV 22-180-SDJ, 2024 WL 1156529, at *2 (M.D. La. Mar. 18, 2024) ($75 hourly rate for paralegal was reasonable); *Smith v. Comm'r of Soc. Sec.*, No. CV 20-5-EWD, 2023 WL 9503451, at *3 (M.D. La. Oct. 16, 2023) (same); *Leblanc v. Fed Ex Ground Package Sys., Inc.*, No. CV 19-13274, 2021 WL 5994966, at *2 (E.D. La. Apr. 12, 2021) ($100 per hour was reasonable paralegal rate).
[72] Rec. Doc. 25-2, pp. 10–11.
[73] Rec. Doc. 23.

Baton Rouge, Louisiana, this __7th__ day of _____May_____, 2024.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**